FILED - GR
December 18, 2008 2:56 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __mrs____ /_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Kristin Collier,<br><br>    Plaintiff,<br><br>v.<br><br>Financial Recovery Services, Inc.,<br>a Minnesota corporation,<br><br>    Defendant. | **1:08-cv-1209**<br>Hon. **Robert J. Jonker**<br>**U.S. District Judge** |

**Complaint**

### I. Introduction

1. This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3. Plaintiff Kristin Collier is a natural person residing in Berrien County, Michigan. Ms. Collier is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

Ms. Collier is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA.

4. Defendant Financial Recovery Services, Inc. ("FRS") is a Minnesota corporation, with offices at 4640 West 77th Street, Suite 300, Edina, Minnesota 55435. The registered agent for FRS in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. FRS is a "debt collector" as the term is defined and/or used in the FDCPA. FRS is licensed (No. 24010015090) by the State of Michigan to collect debts in Michigan. FRS is a "collection agency" and "licensee" as the terms are defined and/or used in the MCPA.

### IV. Facts

5. Ms. Collier allegedly had a credit account which she allegedly used to purchase goods and/or services for personal, family and/or household purposes. Any resulting obligation to pay money was a "debt" as the term is used in the FDCPA and MCPA.

6. Ms. Collier disputes the debt.

7. Apparently, the original creditor or a successor in interest hired FRS to collect the alleged debt from Ms. Collier. Alternatively, FRS purchased the alleged debt after the account was delinquent.

8. In or about November 2008, FRS telephoned Ms. Collier and left the following recorded message: "This message is for Kristin. Kristin, this is Katie. Will you please contact my office at 866-528-0385. Thank you."

9. FRS placed the described telephone call to Ms. Collier in an attempt to collect a "debt" as the term is defined and/or used in the FDCPA and/or MCPA.

10. The recorded voice message left by FRS for Ms. Collier was a "communication"

as the term is defined and/or used in the FDCPA and/or MCPA.

11. FRS failed to disclose in the recorded voice message left for Ms. Collier that the communication was from a debt collector, and thereby violated the FDCPA, 15 U.S.C. § 1692e(11); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (2006); *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (SDNY Sept.18, 2006).

12. The recorded voice message left by FRS for Ms. Collier also violated the MCPA.

13. It was and is the practice of FRS in connection with the collection of debts to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing in the message that the communication is from a debt collector.

14. It was and is the practice of FRS in connection with the collection of debts to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing in the message that the communication is from "Financial Recovery Services, Inc."

15. It was and is the practice of FRS in connection with the collection of debts to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without accurately disclosing the caller's identity.

16. FRS has been sued previously for leaving recorded voice messages on the answering machines of consumers without disclosing in the message that the communication is from a debt collector and without accurately disclosing the caller's identity.

17. In the one-year period immediately preceding the filing of this complaint, FRS left voice messages on the answering machines or voice mail of more than one hundred Michigan

residents without disclosing in the message that the communication was from a debt collector.

18.  The unlawful debt collection methods, acts and practices of FRS and its employee were willful. The violations of the FDCPA and MCPA by FRS and its employee were willful.

19.  As an actual and proximate result of the acts and omissions of FRS and its employee, plaintiff has suffered damage, for which she should be compensated in an amount to be established by jury and at trial.

### V. Claims for Relief

#### Count 1– Fair Debt Collection Practices Act

20.  Plaintiff incorporates the foregoing paragraphs by reference.

21.  Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a)  Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

    b)  Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

    c)  Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

    c)    A declaration that defendant's practices violate the FDCPA; and

    d)    Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

22.    Plaintiff incorporates the foregoing paragraphs by reference.

23.    Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

    c)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Declaratory and injunctive relief pursuant to M.C.L. § 339.916(1);

    b)    Statutory damages, trebled, pursuant to M.C.L. § 339.916(2); and

    c)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: December 18, 2008

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com